UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LESLIE T. HARDIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00448-WTL-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Denying Motion for Return of Property and Directing Entry of Final Judgment**

Leslie Hardiman ("Mr. Hardiman") was convicted of a drug offense on March 22, 2006 in *United States v. Hardiman*, Cause No. TH-05-cr-0026-01-M/L ("JAMS Crim. Dkt."); *see also United States v. Hardiman*, Cause No. 2:05-cr-00026-LJM-CMM-01 ("Crim. Dkt."). He was sentenced on October 27, 2006, and judgment was entered on November 3, 2006. See JAMS Crim. Dkt.

On September 12, 2016, Hardiman filed a motion to return property in his criminal case. Crim. Dkt. No. 21. Mr. Hardiman asserted that, as part of the criminal proceeding, personal property was seized from his residence on December 16, 2005. Dkt. No. 2. He further asserted that the defendant never filed a motion for forfeiture. *Id*.

This civil action was opened on December 1, 2016, pursuant to Rule 41(g) which provides an avenue for filing a civil motion seeking the return of property that was seized but not forfeited. *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004).

The defendant argues that Mr. Hardiman is time barred from bringing this action, disputes the identity of the items that were seized, and asserts that the United States is not in possession of

the property. Mr. Hardiman has replied. Because this Court finds that Mr. Hardiman's action is time barred, it is not necessary to address the other arguments raised by the parties.

"Because Rule 41(g) actions filed after the close of the criminal proceedings are treated as civil actions, they are subject to the six-year statute of limitations in [28 U.S.C.] § 2401(a)." *Sims*, 376 F.3d at 708-09; *United States v. Shaaban*, 602 F.3d 877, 879 (7th Cir. 2010); *See also Bertin v. United States,* 478 F.3d 489, 493 (2d Cir. 2007) ("We . . . join every other circuit court that has considered the issue: 28 U.S.C. § 2401(a) provides the applicable statute of limitations for Rule 41(g) motions made after the termination of criminal or civil forfeiture proceedings." (collecting cases)).

When, as here, there is a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding, i.e., when the defendant is sentenced. *Bertin*, 478 F.3d at 493-94 ("Bertin was sentenced (and judgment entered) on December 4, 1992; therefore his Rule 41(g) motion accrued on the same day."). Mr. Hardiman's criminal action was concluded when he was sentenced on October 27, 2006, and judgment was entered on November 3, 2006. See JAMS Dkt. To be timely, Mr. Hardiman needed to file his motion on or before November 3, 2012. Instead, Mr. Hardiman filed his motion on September 12, 2016, well beyond the six-year statute-of-limitations period in 28 U.S.C. § 2401(a).

A plaintiff's otherwise time-barred 41(g) claim may be saved by the doctrine of equitable tolling. *Bertin*, 478 F.3d at 494, n.3. The Seventh Circuit has recognized that the statute of limitations period can be tolled "if the defendant is unable despite diligent inquiry to file his claim in time." *Sims*, 376 F.3d at 709. A plaintiff seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

It is the petitioner's burden to establish both of these points. *Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir. 2008).

Mr. Hardiman offers no explanation as to his failure to timely file. He has not met his burden in establishing that he is entitled to the "extraordinary remedy" of equitable tolling. *See e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (equitable tolling is not warranted by lack of representation or a petitioner's lack of legal training); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) (equitable tolling is not justified by a lack of legal knowledge); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) (listing circumstances which do not justify equitable tolling, including lack of response from attorney, language barrier, lack of legal knowledge, and transfer between prisons).

For these reasons, the plaintiff's motion for return of property, Dkt. No. 2, is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/27/17

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LESLIE T. HARDIMAN
05245-028
MILAN - FCI
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

Electronically registered counsel